IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Marvin H. Richer, et al., | ) | |
|---|---|---|
| | ) | Case No. 14 C 50043 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Patrick Morehead, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons stated below, the judgment of the bankruptcy court is affirmed.

## STATEMENT-OPINION

Appellants, Marvin H. Richer and Gail L. Richer, debtors in a Chapter 11 bankruptcy case, appeal from a judgment of the bankruptcy court allowing the claim of appellee, Patrick Morehead, as a general unsecured claim in the amount of $937,079.44 against appellants' bankruptcy estate. Appellants had commenced an adversary proceeding against appellee to determine the nature and extent of and objection to appellee's claim. Counts III and IV of the adversary complaint were dismissed with prejudice. The parties subsequently filed cross motions for summary judgment on the remaining Counts I and II. The bankruptcy court granted appellee's motion, denied appellant's motion, and entered judgment on January 15, 2014. Appellants filed timely notice of appeal on January 28, 2014.

The facts are not in dispute. Appellee, after extended negotiations with Marvin Richer, entered an Equity Participation Agreement ("Agreement") dated and executed on November 25, 2005, with Marvin. Appellee agreed to invest $700,000 in exchange for an interest in certain real estate equal to 8% of the net sales proceeds derived from the sale or exchange of the real estate. The Agreement also granted appellee an option to convert his equity participation interest to a demand note in the amount of $700,000 with simple interest calculated at the rate of 7% per annum from November 25, 2005 until the date of payment. Upon exercise of this conversion option, appellee was allowed to place a junior mortgage on the real estate to secure repayment of the demand note.

On November 24, 2009, appellee sent Marvin a letter by certified mail, return receipt requested. The letter states: "Pursuant to Paragraph 5 of that certain Equity Participation

1

Agreement dated November 25, 2005, between you and me, I hereby convert my Participation Interest to a Demand Note in the principal amount of $700,000.00. You are hereby notified of the following: 1. Date of conversion election is November 25, 2009. 2. The 180th day for payment is May 24, 2010. 3. Interest calculated due upon final payment is $220,500.00. You are further hereby requested to provide me with a Junior Mortgage pursuant to said agreement." Marvin received this letter on December 4, 2009.

Paragraph 5 of the Agreement provides in relevant part: "Beginning on third anniversary date of this Agreement and recurring on each subsequent anniversary date thereafter . . . [appellee] . . . shall have the sole and exclusive option to convert his Participation Interest to a Demand Note payable within one hundred eighty (180) days of conversion ("Conversion Option"). In the event the Conversion Option is exercised on the third, fourth, or fifth anniversary date, the principal amount of the Demand Note will be Seven Hundred Thousand and 00/100 Dollars ($700,000.00) with simple interest calculated at the rate of Seven Percent (7.00%) from November 25, 2005 up to the date of payment. . . . [Appellee] . . . will exercise this option by written notice to [Marvin], specifying the date of the conversion election (no earlier than the date of the letter), the 180th day for payment, and the interest calculated due upon final payment."

Paragraph 9 of the Agreement provides for the method of giving notice under the Agreement. Paragraph 9 provides: "All notice, requests, demands, and other communications hereunder shall be in writing and shall be delivered by hand or mailed by certified mail, return receipt requested, postage prepaid, or by simultaneous fax transmission."

Marvin never made any payments of principal or interest and never provided a junior mortgage to secure the obligation. Appellants, Marvin and Gail, filed a voluntary bankruptcy petition under Chapter 11 of the bankruptcy code on September 27, 2010. On March 24, 2011, appellee filed a proof of claim in the amount of $945,000.00 in appellants' bankruptcy case. As noted above, this claim was ultimately allowed in the amount of $937,079.44 as a general unsecured claim.

The issue on appeal is whether the bankruptcy court erred in finding appellee properly exercised the Conversion Option in the Agreement when he sent the November 24, 2009 letter to Marvin purporting to exercise that option. Appellants argue appellee did not properly exercise the Conversion Option because he did not either 1) mail the written notice to Marvin on the anniversary date of the Agreement (November 25, 2009) or 2) fax the written notice to Marvin on that date, or 3) hand deliver the written notice to Marvin on that date. Appellants contend that the only date of the year on which notice of the exercise of the option could be given was the Agreement's anniversary date (November 25th). For appellants, the exercise of the option and notice of the exercise of the option cannot be separated from each other. Therefore, they maintain the notice sent by certified mail, return receipt requested, on November 24, 2009 advising Marvin that appellee was exercising the Conversion Option as of the next day, November 25, 2009, the anniversary date of the Agreement, was ineffective because it was not sent by certified mail, faxed, or hand delivered on the anniversary date itself.

The bankruptcy court rejected appellants' argument finding instead that "the express and unambiguous language of the Agreement does not state that the written conversion notice must be dated – or sent or received – on an anniversary date." The bankruptcy court observed that the language of paragraph 5 "clearly contemplates that the 'date of the conversion election' is separate and distinct from the date of the physical notice and can be a different date than the date the notice is prepared or sent." The bankruptcy court noted paragraph 5 provides appellee with the "option to convert his interest on an anniversary date, and that he 'will exercise this option by written notice to [Marvin], specifying the date of the conversion election (no earlier than the date of the letter.'" The bankruptcy court observed that appellants' "proposed interpretation requires the court to ignore the express language in the Agreement describing the notice and the [appellee's] ability – negotiated for and agreed to by the parties as embodied in the language of the Agreement – to specify a future anniversary date as the date for the conversion of his interest."

The parties agree Illinois law controls this matter. Under Illinois law, in construing a contract, "the primary objective is to give effect to the intention of the parties. A court will first look to the language of the contract itself to determine the parties' intent. A contract must be construed as a whole, viewing each provision in light of the other provisions. The parties' intent is not determined by viewing a clause or provision in isolation, or in looking at detached portions of the contract." Thompson v. Gordon, 948 N.E.2d 39, 47 (Ill. 2011) (citations omitted.) "If the words in the contract are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." Id.

The bankruptcy court correctly construed the terms of the Agreement. Paragraph 5 of the Agreement states that "[b]eginning on third anniversary date of this Agreement and recurring on each subsequent anniversary date thereafter" appellee "shall have the sole and exclusive option to convert his Participation Interest to a Demand Note." The conversion option recurs on each anniversary date beginning on the third anniversary date. Paragraph 5 goes on to provide the method for exercising the option. It provides appellee "will exercise this option by written notice to [Marvin], specifying the date of the conversion election (no earlier than the date of the letter), the 180th day for payment, and the interest calculated due upon final payment." The language "specifying the date of the conversion election (no earlier than the date of the letter)," unambiguously communicates that notice of the election may be given before the anniversary date on which the election will be effective. The language "no earlier than the date of the letter" prevents retroactively exercising the election on an anniversary date after that anniversary date has passed. However, it clearly contemplates giving notice of the election to exercise the option on a future anniversary date. The plain meaning of the contract language is that the option is exercised by giving written notice either prior to or on the anniversary date on which the election is to be effective. Appellee did so when he complied with the notice requirements of paragraph 9 of the Agreement when he "mailed by certified mail, return receipt requested, postage prepaid," the notice of election to exercise the Conversion Option on the day before the anniversary date specified in the notice as the date of the conversion election.

Appellants argue that contractual notice provisions must be strictly complied with, citing Oxford Commercial Funding v. Cargill, Inc., 00 C 4996, 2002 WL 31455989 (N.D. Ill. Oct. 31, 2002), and that an option must be exercised in strict compliance with its terms, citing Wilson Sporting Goods Co. v. Penn Partners, 03 C 5236, 2004 WL 2445372, (N.D. Ill. Oct. 28, 2004). However, that is exactly what appellee did in exercising the Conversion Option. Appellants' construction of the contract language is mistaken. Appellee did what the Agreement required to exercise the option.

For the foregoing reasons, the judgment of the bankruptcy court is affirmed.

Date: 6/23/2014        ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)